**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: December 4, 2023
Date Decided: December 6, 2023

John G. Harris, Esquire
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807

Kevin G. Abrams, Esquire
J. Peter Shindel, Jr., Esquire
April M. Ferraro, Esquire
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

Stephen C. Norman, Esquire
Jaclyn C. Levy, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801

> RE: *James Bocock et al. v. Innovate Corp. et al.*,
> C.A. No. 2021-0224-PAF

Dear Counsel:

Defendants have moved to compel discovery. In addition, they seek an order declaring that the Plaintiffs have waived all objections to discovery and requiring the Plaintiffs to pay the Defendants' attorneys' fees and expenses related to the motion. The court grants the motion to compel, grants the request for fees, and finds that the Plaintiffs have waived all objections, except for objections based on attorney-client privilege and the work product doctrine.

## I.  FACTUAL BACKGROUND

Twenty-six plaintiffs filed an amended complaint in this action on June 23, 2021.[1]  On October 28, 2022, the court issued a Memorandum Opinion dismissing the majority of the Plaintiffs' claims.[2]  The details of the claims are not pertinent to this motion.

On May 5, 2023, Defendants[3] served interrogatories and requests for production on Plaintiffs (the "Discovery").[4]  On June 5, 2023, Plaintiffs requested and Defendants granted a fifteen-day extension of the deadline for Plaintiffs to respond to the Discovery.[5]

When the end of that extension came to pass on June 20, 2023, Plaintiffs collectively served a single response consisting of seven pages of "General

---

[1] Dkt. 30.

[2] Dkt. 62.

[3] The Innovate Defendants took the lead among the defendants in this discovery dispute and filed the pending motion.  For ease of reference, the court refers to the movants as "Defendants."

[4] Mot. Exs. B–C.

[5] Court of Chancery Rules 33(b)(2) and 34(b) require that a recipient of interrogatories or requests for production serve her responses and responsive documents, along with any objections, within 30 days of service of the interrogatory or document request, or within 45 days after service of the summons and complaint upon that defendant.  Plaintiffs here waited until the day that their responses were due, June 5th, before requesting an extension.

Objections," but nothing else.[6]  The General Objections consist of boilerplate and, in many instances, duplicative objections that are untethered to any specific request or interrogatory.[7]  Inexplicably, Plaintiffs did not provide a specific or substantive response to a single interrogatory or request for production.

On June 22, 2023, the Defendants insisted that Plaintiffs provide proper responses by June 28.[8]  The Defendants also noted that by failing to provide specific responses and objections, Plaintiffs had waived all objections to the Discovery.[9] When Plaintiffs did not respond to the Defendants' email or provide proper responses to the Discovery by June 28, the Defendants requested a meet and confer.[10]  On June 29, Plaintiffs responded that they were "working on the responses" and stated that they would "serve the plaintiffs' respective discovery responses on a rolling basis – most likely starting next week[,]" *i.e.*, the week of July

---

[6] Dkt. 75; Mot. Ex. D.

[7] *See, e.g.*, Mot. Ex. D ¶ 2 (objecting to all requests because they impose obligations beyond the court's rules, without specifying such obligations); *id.* ¶ 6 (objecting to all requests because they seek publicly available documents or documents "available from a less burdensome or costly source than Plaintiffs" without identifying any alternative source of information); *id.* ¶ 14 (objecting to all requests "to the extent they seek irrelevant information").

[8] Mot. Ex. E at 1–2.

[9] *Id.*

[10] *Id*. at 1.

3.[11]  Plaintiffs also proposed a meet and confer for July 5 or 6.[12]  Defendants replied 90 minutes later, indicating their availability to meet and confer on July 5 and 6.[13]  Plaintiffs did not respond.

On July 12, 2023, Plaintiffs still had not served discovery responses, prompting Defendants to file their motion to compel (the "Motion").[14]  Plaintiffs oppose the Motion, but they do not attempt to justify their failure to provide discovery.  Rather, they argue that fee shifting is not warranted because there are many plaintiffs that need to provide discovery and there is no prejudice to the Defendants because there is no case scheduling order in place.[15]  The court heard argument on the Motion on December 4, 2023, affording Plaintiffs an opportunity to justify their actions and to persuade the court that their conduct did not warrant an award of attorneys' fees and expenses to the Defendants.

## II.    ANALYSIS

Defendants' right to obtain discovery begins with Court of Chancery Rule 26.  Rule 26(b)(1) states:

---

[11] Mot. Ex. F at 1–2.

[12] *Id.*

[13] *Id.* at 1.

[14] Dkt. 77.

[15] Pls.' Opp'n Br. ¶ 32.

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information, or tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial.

Ct. Ch. R. 26(b)(1). Responses to interrogatories and requests for production are due within 30 days of their service. Ct. Ch. R. 33(b)(2), 34(b).

### A.    The Motion to Compel Is Granted.

Despite a 15-day extension from the Defendants, none of the 26 plaintiffs served a timely response to the Discovery. Rather, Plaintiffs served collective "General Objections" on the final day of the extension. Plaintiffs do not contend that the service of the General Objections satisfied their obligation to respond to the Discovery. Although some of the Plaintiffs served discovery responses after the Defendants moved to compel, many did not.[16]

Plaintiffs offer no meaningful response to the motion to compel. They merely argue that the Motion was unnecessary because they were working to collect responses to the Discovery both prior to and after the Motion was filed.[17] That

---

[16] Defs.' Reply Br. ¶ 1.

[17] Pls.' Opp'n Br. ¶ 30.

argument is without merit. The Plaintiffs requested and were granted a fifteen-day extension to serve their discovery responses. The Plaintiffs were required to serve, and Defendants rightfully expected to receive, compliant responses from each plaintiff by the new deadline that the Plaintiffs themselves had requested. Had Plaintiffs needed a further extension, they could have requested one from the Defendants or filed an application with the court. They did neither.

In order to avoid an order shifting fees, Plaintiffs' counsel devised a last-minute argument that the Motion will soon be moot. Plaintiffs claim that discovery from all of the Plaintiffs is unnecessary because they intend to file a further amended complaint naming only two of the 26 current plaintiffs as representative parties, and those two parties have each (belatedly) served their discovery responses. That argument, which was raised for the first time at the December 4, 2023 hearing, is frivolous.

Defendants served discovery requests in May 2023 on all of the named Plaintiffs in the operative complaint. Those Plaintiffs were plaintiffs at the time the discovery was served, at the time the responses were due, and at the time the Motion was filed. They are also the Plaintiffs of record today.[18] In their opposition to the

---

[18] The suggestion of a new second amended complaint naming only two defendants was floated between counsel for the first time just a week before argument on the Motion. This

Motion, Plaintiffs argued that they were "actively responding to Defendants' discovery requests and trying to move the case forward without unreasonable delay."[19]   Hence, Plaintiffs—all of the Plaintiffs—represented that they would provide discovery.  They did not do so.  Indeed, more than 168 days have passed since the discovery responses were due, and at least a dozen plaintiffs have not served discovery responses.[20]  The suggestion that the Plaintiffs might move to file a new amended complaint with fewer plaintiffs at some future date does not excuse the existing Plaintiffs' failure to provide timely and complete discovery responses that they were required to serve almost six months ago, and it does not render the Motion moot.

The motion to compel is granted.  Plaintiffs shall serve responses to the Discovery within five business days.

---

new strategy diverges from the Plaintiffs' approach after they received the discovery requests.  On June 27, 2023, Plaintiffs moved for leave to file a second amended complaint. As the Defendants pointed out to Plaintiffs at the time, the proposed second amended complaint contains obvious errors and should be corrected before filing.  For example, the second amended complaint seeks to add a defendant, but the new defendant is not identified in the caption.  *See* Mot. Ex. H.  Furthermore, the twenty-six plaintiffs listed in the original complaint and the amended complaint are also listed as the plaintiffs in the proposed second amended complaint.  *See* Dkt. 76.

[19] Pls.' Opp'n Br. ¶ 32.

[20] Plaintiffs describe their "delay" in providing discovery as "modest, isolated, and non-prejudicial."  *Id.* ¶ 37.  A failure to provide discovery for more than five months cannot be characterized as a mere delay.

**B.      Plaintiffs Have Waived Most of Their Objections to Discovery.**

Defendants seek a declaration that the Plaintiffs waived their objections to the Discovery.   Defendants argue that waiver is the appropriate remedy because Plaintiffs' boilerplate general objections were lacking in specificity and constitute waiver under the Court of Chancery Rules.

A party resisting discovery must articulate the bases for its refusal to provide the requested information.  "All grounds for an objection to an interrogatory shall be stated with specificity."  Ct. Ch. R. 33(b)(4); *see also* Ct. Ch. R. 34 ("[T]he grounds and reasons for the objection(s) shall be stated with specificity.").  The key word is "specificity."  Thus, "[g]eneric and formulaic objections 'are insufficient.'"  *In re Oxbow Carbon LLC Unitholder Litig.*, 2017 WL 959396, at *1 (Del. Ch. Mar. 13, 2017) (quoting *Van de Walle v. Unimation, Inc.*, 1984 WL 8270, at *2 (Del. Ch. Oct. 15, 1984)).  A party that fails to assert a proper, timely objection to a discovery request risks waiver of its objections.  Ct. Ch. R. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown."); *see Gower v. Beldock*, 1998 WL 200267, at *2 (Del. Ch. Apr. 21, 1998) (holding that responding party waived objection to request for production by failing to timely assert it); *Fingold v. Comput. Entry Sys. Corp.*, 1990 WL 11633, at *1 (Del. Ch. Jan. 26, 1990) (same).  "[B]oilerplate objections have

been considered prima facie evidence of a Rule 26 violation, which causes the objecting party to waive any legitimate objections that they may or may not have had." *In re Oxbow*, 2017 WL 959396, at *3 (internal quotations omitted).

The seven pages of General Objections that Plaintiffs served on June 20, 2023, did not come close to satisfying the Court of Chancery Rules.[21] Court of Chancery Rule 33(b) requires a responding party to "restate[]" and answer each interrogatory "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Ct. Ch. R. 33(b). Under Court of Chancery Rule 34(b), the responding party must "state, with respect to each item or category [of documents requested], that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the grounds and reasons for objection(s) shall be stated with specificity." Ct. Ch. R. 34(b); *see also id.* ("An objection must state whether the responding party is withholding or intends to withhold any responsive materials on the basis of that objection").

The General Objections do not (i) "restate" any interrogatory, (ii) answer any interrogatory "separately [or] fully," (iii) answer any interrogatory "under oath," (iv)

---

[21] Mot. Ex. D.

state with respect to any category of documents whether inspection will be permitted, (v) state whether Plaintiffs intend to withhold any requested document, or (vi) state any specific objection to any interrogatory or request for production.[22] Despite recognizing that they were required to provide full and separate responses and specific objections to each interrogatory and request for production by June 20,[23] Plaintiffs failed to do so. What the Plaintiffs did serve was woefully inadequate. Plaintiffs' objections were merely boilerplate, untethered to any specific discovery request.[24] They were also duplicative in several respects, reflecting a level of sloppiness which further demonstrates that the Plaintiffs did not take their discovery obligations seriously.[25]

---

[22] *Id.*

[23] Mot. Exs. F, G.

[24] Plaintiffs paint their objections with an extremely broad stroke, objecting to the Discovery (i) "to the extent they seek irrelevant information," (ii) "to the extent they are vague, ambiguous, confusing, indefinite, duplicative, cumulative, [and] unintelligible," and (iii) "because they seek documents and communications that are . . . available from a less burdensome or less costly source than Plaintiffs." Mot. Ex. D ¶¶ 6, 8 ,14. In addition, 14 of the 19 general objections are equivocal, stating that the Plaintiffs object "to the extent" the requests are objectionable.

[25] Plaintiffs asserted (i) three separate objections to the extent the Discovery assumes legal conclusions (Objection Nos. 11, 18, 20); (ii) two separate objections to the extent the Discovery calls for privileged information (Objection Nos. 4 and 12); and (iii) two separate objections to the extent the Discovery seeks documents and information that is not within Plaintiffs' possession, custody, or control (Objection Nos. 3 and 15). Mot. Ex. D.

Plaintiffs do not defend their General Objections as being compliant with the Court of Chancery Rules. Instead, they argue that waiver is too strong a sanction for this circumstance.[26] Plaintiffs maintain that "[w]aiver of objections is usually reserved for a party's persistent refusal to provide substantive discovery responses," and they urge the court to permit the Plaintiffs to supplement their discovery responses. *Id.* at 12. Plaintiffs point to one of Chancellor McCormick's discovery decisions in the *Twitter* litigation, where the court declined to find a waiver of objections and permitted the defendants to supplement certain of their discovery responses. *Twitter, Inc. v. Musk*, 2022 WL 3591142, at *2 (Del. Ch. Aug. 23, 2022). In doing so, the Chancellor credited the defendants with having conceded that their initial responses were "overly aggressive" and noted that defendants "appear[ed] to have walked back most of their initial objections." *Id.* It was for that reason that the court gave the defendants a second chance. *Twitter* does not support Plaintiffs' position in this case. Unlike the defendants in *Twitter*, the Plaintiffs did not walk back any of their boilerplate General Objections. Indeed, even the few Plaintiffs that later filed actual responses to the Discovery repeated the same general objections verbatim and incorporated them into every specific interrogatory response and

---

[26] Pls.' Opp'n Br. ¶¶ 40–41.

response to the requests for production. [27] "Such a response makes it impossible to determine what information a party has agreed to provide and whether the response is complete; it therefore amounts to a waiver of the objections that purportedly were preserved." *In re Oxbow*, 2017 WL 959396, at \*2.

Plaintiffs also insist that a waiver of attorney client privilege is too harsh a result and is unwarranted under the circumstances. Plaintiffs rely on *Wal-Mart Stores, Inc. v. AIG Life Insurance Co.*, 2008 WL 498294 (Del. Super. Jan. 14, 2008), for the proposition that "Delaware Courts will find a waiver of the attorney-client privilege in rare instances." *Id*. at \*3. *Wal-Mart* addressed a waiver of privilege that resulted from a party's production of a privileged document, not a waiver for failure to make a valid objection under Rule 33 or 34. *Id.* Nevertheless, the opinion reflects the general proposition that a finding of waiver of privilege is harsh and rare. *Id.*

In the typical case in this court, parties will assert a general objection preserving their right to withhold documents or information on the grounds that it calls for production of information protected by the attorney-client privilege or

---

[27] *See* Defs.' Reply Br. Ex. B at 2 ("Plaintiff responds to the Requests, including the instructions and definitions therein, subject to the General Objections set forth below. These limitations and objections, which form a part of Plaintiff's response to each Request, are set forth here to avoid the duplication and repetition of restating them for each individual response.").

work-product doctrine. In representative litigation in this court, at least as to document production, a party ordinarily specifies the grounds for its privilege and work-product objections in a privilege log. *Klig v. Deloitte LLP*, 2010 WL 3489735, at *6 (Del. Ch. Sept. 7, 2010). Typically, the log is produced when or after documents are produced, not at the time a party delivers its initial responses and objections to a document request. Ordinarily, this court prefers to adjudicate objections to privilege after a privilege log is provided. *See, e.g.*, *In re Oracle Corp. Deriv. Litig.*, 2019 WL 6522297, at *22 (Del. Ch. Dec. 4, 2019) (noting that privilege objections should be decided in the context of a privilege log); *In re Côte d'Azur Estate Corp.*, 2022 WL 17574747, at *12 (Del. Ch. Dec. 12, 2022) ("The court would order production, allow the respondents to serve privilege logs, and then adjudicate any disputes over privilege."). This is a close call, but the court declines to declare that privilege has been waived. Except as to objections on grounds of privilege and work-product, all objections to the Discovery are waived. Plaintiffs failed to provide timely objections to the Discovery, and they failed to demonstrate good cause that would excuse their failure to assert timely objections. *See, e.g.*, *Gower*, 1998 WL 200267, at *2; *Fingold*, 1990 WL 11633, at *1.

### C. Defendants Are Entitled to Recover Their Fees and Expenses.

Court of Chancery Rule 37(a)(4)(A) states that, if the court grants a motion to compel:

> the Court *shall*, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Ct. Ch. R. 37(a)(4)(A) (emphasis added). "[Rule 37's] purposes are to: (1) penalize the culpable party or attorney; (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the expense caused by the abusive conduct; and (4) compel discovery and disclosure." *Gandhi-Kapoor v. Hone-Cap. LLC*, --- A.3d ----, 2023 WL 4628782, at *5 (Del. Ch. July 19, 2023) (quoting *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 99 (D.N.J. 2006)).

Plaintiffs argue that fee shifting is inappropriate because Defendants have suffered no prejudice.[28]  But in a motion for fee shifting under Rule 37, "[t]he issue is not whether [the movant] has been prejudiced, but whether [the party from whom discovery is sought] has demonstrated good cause for ignoring the deadlines, and it

---

[28] Pls.' Opp'n Br. ¶ 35.

has not." *PVH Polymath Venture Hldgs. Ltd. v. TAG Fintech, Inc.*, 2023 WL 4986424, at *2 (Del. Ch. Aug. 3, 2023). Plaintiffs fail to demonstrate good cause here.

There is no justification for Plaintiffs' failure to serve timely and compliant responses to the Discovery. Plaintiffs have not disputed, and cannot dispute, that their General Objections are deficient or that they missed the extended deadline to respond to the Discovery. Even today, almost six months after the deadline, many of the Plaintiffs have not offered a substantive response to a single interrogatory or document request. Plaintiffs' conduct was not substantially justified, and there are no other circumstances that make an award of expenses unjust. Accordingly, the Defendants are entitled to their reasonable fees and expenses under Rule 37.[29]

## III. CONCLUSION

All Plaintiffs shall serve full and complete responses to the Discovery on or before December 13, 2023. All objections to the Discovery are waived, except for objections that the information requested is protected by the attorney-client privilege or work-product doctrine. Defendants are awarded all of their reasonable attorneys'

---

[29] Because the court concludes that fee shifting is warranted under Rule 37, the court does not reach Defendants' argument that fee shifting is also justified under the bad faith exception to the American Rule.

fees and expenses incurred in connection with the Motion. If the parties are unable

to reach agreement on the fee award, Defendants shall file an affidavit in conformity

with Court of Chancery Rule 88 on or before January 5, 2024. [30]

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

---

[30] Any opposition is due five business days later, followed by a reply by the Defendants five business days thereafter.